In the
# United States Court of Appeals
## For the Seventh Circuit

No. 23-2681

SCOTT MOORE and GAYLA MOORE,

*Petitioners-Appellants,*

*v.*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

Appeal from the United States Tax Court.
No. 18632-19 — **John O. Colvin**, *Judge.*

ARGUED MARCH 27, 2024 — DECIDED APRIL 30, 2024

Before EASTERBROOK, JACKSON-AKIWUMI, and LEE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Section 41 of the Internal Revenue Code, 26 U.S.C. §41, provides a tax credit for "qualified" research expenses. Nevco, Inc., which makes scoreboards and related gear for athletic events, engaged in research to improve its products. When Scott Moore and Gayla Moore—a married couple filing jointly—took a §41 credit for tax years 2014 and 2015, they treated the salary and bonus of Gary Robert, the firm's President and COO, as §41 expenses. Nevco was

a Subchapter S corporation, so all of its tax attributes flowed
to Gayla Moore, its sole owner. The Tax Court held a trial and
found that the record did not support a finding that Robert
spent any given fraction of his time conducting or directly su-
pervising "qualified" research. T.C. Memo 2023-20.

One reason was that Robert lacked written records of how
he spent his time, despite the record-keeping requirement in
26 C.F.R. §1.41–4(d). (Nevco has payroll records, but they log
how much time employees work, not the tasks they perform
or supervise.) Another was that Robert could not estimate,
even approximately, how much of his time was devoted to
"qualified" research, a term defined by §41(d)(1). Still a third
was that Robert did not engage in either "direct supervision"
or "direct support" (§41(b)(2)(B)(ii)) of Dave Paslay, Nevco's
director of engineering, whose salary the Commissioner of In-
ternal Revenue has been willing to treat as a "qualified re-
search" expense. We discuss only the second of these reasons;
otherwise the Tax Court's opinion speaks for itself.

The Moores insist that Robert spent a lot of time conduct-
ing or supervising research. The Commissioner acknowl-
edges as much. But was it "qualified" research? And, if it was,
how much of Robert's time was devoted to it? Without an-
swers to those questions, no one can calculate the credit
properly. The §41(a)(1) credit is limited to 20% of the increase
over a base amount. (Section 41(a)(2) and (a)(3) allow credits
that do not depend on an increase over a base, but the Moores
do not rely on those provisions.) To do the math, one needs
accurate details.

The Tax Court found it impossible to answer the "was it
qualified?" and "how much?" questions. The Moores call this
a legal error, but it was a finding of fact under the approach

used to differentiate fact from law in *U.S. Bank, N.A. v. Village at Lakeridge, LLC*, 583 U.S. 387, 395–96 (2018). (That is to say, the finding is case-specific rather than based on resolving a dispute about what a legal rule provides.) As a factual finding, it is reviewed for clear error, and we do not see any error at all, let alone a clear one.

Section 41 allows a credit for increases in research that is "technological in nature" (§41(d)(1)(B)(i)) and "substantially all of the activities of which constitute elements of a process of experimentation" (§41(d)(1)(C)). Regulations define what "elements of a process of experimentation" entail, but we need not get into those weeds. It is enough to say, as the Tax Court found, that none of the evidence shows what fraction of the research involved "experimentation"—even the trial-and-error kind made famous by Thomas Edison. Without knowing how much of Robert's research was "qualified", the Tax Court could not determine how much it had increased over a base amount. The problem is not simply the lack of written records (though that is a big problem); it is that Robert could not even *estimate* how much of his research involved "experimentation" either in a colloquial sense or under the regulations' specifications. And because the Moores bore the burdens of production and persuasion, the Tax Court's conclusion is dispositive against them.

AFFIRMED